UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| STEVE TYSON, | : Case No. 3:22-cv-211 |
| Plaintiff, | : |
| vs. | : District Judge Walter H. Rice |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| TROOPER M. CARTER, *et al.*, | : |
| Defendants. | : |

## ORDER and REPORT AND RECOMMENDATIONS[1]

This case is presently before the Court upon numerous requests by both Plaintiff Steve Tyson ("Plaintiff") and Defendant Trooper Mutawakkil Carter ("Defendant Carter"). Each of these requests will be addressed in turn.

### I. BACKGROUND

The claims in this case arise out of a traffic stop occurring on October 31, 2021, in which Plaintiff alleges, among other things, that Defendant Carter violated his constitutional rights. Plaintiff initially filed a Complaint detailing these allegations in the Miami County Court of Common Pleas on June 29, 2022. (Doc. #1-1, *PageID* #s 5-13).  Within a month of initiating the action, Plaintiff filed his First Amended Complaint, in which he added allegations related to a second traffic stop that occurred on July 2, 2022. (Doc. #1-2, *PageID* #s 14-22).  The First Amended Complaint also served to add the State of Ohio and an "Officer Williams" as defendants. *See id*. The case was then removed to this Court by Defendant Carter on August 3, 2022. (Doc. #1, *PageID* #s 1-3).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Thereafter, Defendant Carter filed a Moton to Dismiss, arguing that Plaintiff's First Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. (Doc. #6). Instead of filing a response to Defendant Carter's Motion to Dismiss, Plaintiff filed a Second Amended Complaint (Doc. #9),[2] as well as a Motion for Leave to File Video-Audio from Flying Ace Travel Center (Doc. #10), and a "Motion to Set Hearing, a Definite Trial Date, [and] Request for Discovery Cut Off Date" (Doc. #11). District Judge Rice granted Plaintiff's Motion for Leave to File Video-Audio, but the record does not reflect that Plaintiff ever filed this material.[3] (*See* Notation Order dated Sep. 16, 2022).

In response, Defendant Carter filed a Motion to Strike Plaintiff's Second Amended Complaint, arguing that the pleading be stricken as procedurally improper. (Doc. #12). Defendant Carter also filed a Motion to Stay, requesting that the Court "stay further proceedings in this matter, including but not limited to any case schedules, discovery and further briefing on Plaintiff's recent filings until the Court renders a decision on his Motion to Dismiss (Doc. #6)." (Doc. #13, *PageID* #89). In turn, Plaintiff filed a motion[4] where he requests that Defendant Carter's Motion to Strike Plaintiff's Second Amended Complaint be denied "because the defect has been detected and cured concerning service of summons." (Doc. #14, *PageID* #93). In this motion, Plaintiff also reiterates his request that a scheduling order be set. *Id*. Thereafter, Defendant Carter filed a second Motion to Dismiss for Failure to State a Claim, repeating his position that Plaintiff's Second Amended

---

[2] In Plaintiff's Second Amended Complaint (Doc. #9), Trooper Williams and the State of Ohio were removed as defendants as were the references to the second traffic stop on July 2, 2022. (*Compare* Doc. #9 *to* Doc. #3). This amendment also served to join Robert Hagen, who Plaintiff identifies as a security guard employed at the Flying J. Travel Center Gas Co., as a defendant who conspired with Defendant Carter to violate Plaintiff's Constitutional rights. (*See* Doc. #9).
[3] Plaintiff filed a second Motion for Leave to Submit Video-Audio from the Flying Ace Travel Center (Doc. #20), which was also granted by District Judge Rice. (*See* Notation Order dated Nov. 30, 2022). However, like his first request, it does not appear that Plaintiff ever filed this recording.
[4] For readability purposes, the name of this motion has been omitted. Plaintiff's motion is titled "Judicial Notice Motion to Strike Defendants Motion Motion to Set a Hearing Date Motion to Set a Definate Trial Date Request for Discovery Cut Off Date Notice of Interogatories and Depostions /Federal Rule 26-33." (Doc. #14) (errors in original).

Complaint should be stricken as procedurally improper. (Doc. #16, *PageID* #96). Alternatively, Defendant Carter contends that, if Plaintiff's Second Amended Complaint is not stricken, it should be dismissed for the same reasons set forth in his earlier Motion to Dismiss. (Doc. #15, *PageID* #s 96-97).

On October 24, 2022, District Judge Rice granted Defendant Carter's Motion to Stay, which served to stay proceedings pending the Court's ruling on Defendant Carter's Motion to Dismiss (Doc. #6). (*See* Notation Order dated Oct. 24, 2022). Despite the stay, Plaintiff filed another motion[5] requesting that Defendant Carter's Motion to Strike Plaintiff's Complaint be stricken and that a scheduling order be set (Doc. #18), along with two additional motions for leave to file an amended complaint. (Doc. #s 21 and 22).  Defendant Carter has not responded to any of Plaintiff's motions following District Judge Rice's imposition of the stay on October 24, 2022. Since the relief requested in several of these motions overlap, the undersigned will address each by subject as opposed to individual motions.

II.     LAW & ANALYSIS

    A. **Plaintiff's Amended Complaints (Doc. #s 9, 21, and 22) and Defendant's Motion to Strike Plaintiff's Second Amended Complaint (Doc. #12)**

In the time since this case was removed to federal court, Plaintiff has attempted to amend his pleading three times.  (Doc. #s 9, 21, 22).  Motions to amend a pleading are governed by Rule 15(a) of the Federal Rules of Civil Procedure.  Generally, a plaintiff may amend his complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1).  Additional amendments to a complaint require the Court's permission or the opposing party's written consent.  Fed. R. Civ. P. 15(a)(2).

---

[5] For readability purposes, the name of this motion has also been omitted. Plaintiff's motion is titled "Judicial Notice Motion to Strike Defendants Motion Motion to Set a Hearing Date Motion to Set a Definate Trial Date Request for Discovery Cut Off Date Notice of Interrogatories and Depositions/Federal Rule 26-33." (Doc. #18) (errors in original).

*Plaintiff's Second Amended Complaint (Doc. #9)*

Here, Defendant Carter argues that the Court should strike Plaintiff's Second Amended Complaint because Plaintiff did not request leave to file his Second Amended Complaint or obtain Defendant's written consent to amend. (Doc. #12, *PageID* #84).  In making this argument, Defendant Carter references the fact that Plaintiff had previously amended his Complaint while this case was pending before the Miami County Court of Common Pleas. *Id*. at 85. What Defendant Carter does not acknowledge, however, is that the Federal Rules of Civil Procedure "apply to a civil action *after* it is removed from a state court." Fed. R. Civ. P. 81(c)(1) (emphasis added). Accordingly, when Defendant Carter removed this action to federal court on August 3, 2022, the operative complaint was Plaintiff's First Amended Complaint. (*See* Doc. #1).  Therefore, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff was not required to seek leave of Court or the opposing party's written consent to file an additional amendment but, rather, was entitled to amend his pleading "once as a matter of course" so long as he did so within "21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B); *see also Premier Med. LLC v. United States Dep't of Just*ice, No. CV 19-1352, 2021 WL 206358, at *2 (W.D. La. Jan. 20, 2021) (finding that, despite previously supplementing their complaint prior to removal, the plaintiffs had the right to amend their complaint in federal court without seeking permission because the Federal Rules of Civil Procedure do not apply until after a case is removed) (citing Fed. R. Civ. P. 15(a)(1)(B) and Fed. R. Civ. P. 81(c)(1)).

In this case, Defendant Carter did not file his own responsive pleading but, instead, responded to Plaintiff's First Amended Complaint by filing a motion under Rule 12(b) of the Federal Rules of Civil Procedure on August 31, 2022. (Doc. #6).  As a result, by filing his Second

Amended Complaint on September 12, 2022—which was within 21 days of Defendant Carter's Rule 12(b) motion—Plaintiff timely exercised his right to amend his pleading "once as a matter of course." *See* Fed. R. Civ. P. 15(a)(1)(B). Thus, to the extent that Defendant Carter argues that Plaintiff's Second Amended Complaint should be stricken for not seeking the Court's permission or the opposing party's written consent pursuant to Rule 15(a)(2), his argument is without merit.

Defendant Carter also argues that Plaintiff's Second Amended Complaint should be stricken for his failure to serve the Second Amended Complaint on him pursuant to Federal Rule Civil Procedure 5(a) as well as his failure to include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d)(B) and Local Rule 5.2. (Doc. #12, *PageID* #84). These arguments are also not well taken.

Rule 5(a)(1)(B) of the Federal Rules of Civil Procedure provides, in relevant part, that "a pleading filed after the original complaint" must be served on every party. Fed. R. Civ. P. 5(a)(1)(B). Similarly, if a party effects such service by a method other than using the court's electronic-filing system, the party is required to include a certificate of service with the document that is filed or "within a reasonable time after service" of the document. Fed. R. Civ. P. 5(d)(B).

In this case, Defendant Carter alleges that Plaintiff did not serve the Second Amended Complaint on him or include a certificate of service as required by Rule 5. However, in raising this issue, Defendant Carter fails to allege any prejudice he has suffered as a result of Plaintiff's failure to directly serve him with the Second Amended Complaint or include a certificate of service with his filing. Indeed, any alleged prejudice would be undermined by the fact that Defendant Carter ultimately received the Second Amended Complaint (presumably through the court's electronic-filing system), as evidenced by the fact that he timely filed his Motion to Strike (Doc. #12) in response to Plaintiff's Second Amended Complaint. *See Rathinam v. Ashok Spiritual*

5

*Healing Ctr.*, No. 3:14-CV-103, 2015 WL 4132809, at *3 (S.D. Ohio July 8, 2015) (finding that the plaintiff's "timely and substantive response to the [opposing party's motion] belies the argument that he has been prejudiced by any alleged lack of service[.]").[6] Additionally, the record does not reflect that Defendant Carter has not received service of any of the other papers filed in this case. Accordingly, to the extent that Defendant Carter contends that Plaintiff's Second Amended Complaint should be stricken for not serving it on him or including a certificate of service with the filing, his argument is also without merit.

Notwithstanding the foregoing, Plaintiff is reminded of his obligation to ensure that either the defendant(s)' attorney (or if none, the defendant(s)) receives a copy of every filing in this case. *See* Fed. R. Civ. P. 5(d); S.D. Ohio Civ. R. 5.2. The local rules of this Court require "[p]roof of service of all pleadings and other papers ... in compliance with Fed. R. Civ. P. 5(d)." S.D. Ohio Civ. R. 5.2(a). As such, there must be a "Certificate of Service" at the end of every document Plaintiff files with the Court verifying that he has served the document on counsel for defendant(s) or the defendant(s) themselves if not represented by counsel. The Certificate of Service must contain: (1) the names of the individuals being served; (2) how the documents are being served (via electronic filing or by mail); (3) the mailing or delivery address, if service is done by mail or personal delivery; (4) the date plaintiff served the documents; and (5) plaintiff's signature verifying service. *Id.* The local rules of this Court also permit a party to make service electronically "through the Court's [electronic-filing] system on parties who are registered users of the system as provided in Fed. R. Civ. P. 5(b)(2)(E)." S.D. Ohio Civ. R. 5.2(b). Therefore, if the parties and/or counsel

---

[6] In his subsequent filings, Plaintiff requests that "the [D]efendant's motion to strike the Plaintiff['s] second amended complaint be denied because the defect has been detected and cured concerning service of summons." (Doc. #14, *PageID* #93; Doc. #18; *PageID* #105). Based on this statement, it is unclear whether Plaintiff has since served the Second Amended Complaint on Defendant Carter or simply the summons form. However, as stated above, the Court finds that Defendant Carter ultimately received Plaintiff's Second Amended Complaint and was not prejudiced by any alleged delay in the receipt of this pleading.

6

representing such parties are registered users of the Court's electronic-filing system, Plaintiff is permitted to serve his papers on such parties or counsel in accordance with the local rule by including a certificate of service that specifies the method of service as set forth in the local rules. Plaintiff may obtain a sample certificate that is included in the Court's Pro Se Handbook listed on the Court's website.[7]

For all these reasons, Defendant Carter's Motion to Strike Plaintiff's Second Amended Complaint (Doc. #9) is **DENIED**. Additionally, Plaintiff's Second Amended Complaint (Doc. #9) is **ACCEPTED** as filed. In so finding, the Court notes that, in the Second Amended Complaint, Robert Hagen was joined as a defendant. (*See* Doc. #9, *PageID* #71). However, the record does not reflect that Defendant Hagen has been served with summons and a copy of the Second Amended Complaint, as required by Federal Rule of Civil Procedure 4(c). Thus, if this Report and Recommendations is adopted by District Judge Rice, Plaintiff is **ORDERED** to serve **Defendant Robert Hagen** with summons and a copy of the Second Amended Complaint **within 45 days of any Decision and Entry adopting this Report and Recommendations**. *See* Fed. R. Civ. 4(c), (m). Failure to do so may result in Defendant Hagen being dismissed without prejudice from this action. *See* Fed. R. Civ. 4(m). If Plaintiff prefers the United States Marshal to perform such service, then he may so request by filing a completed summons form.[8]

Finally, to the extent that Plaintiff requests the Court to strike Defendant Carter's Motion to Strike Plaintiff's Second Amended Complaint, his motions (Doc. #s 14 and 18) are **DENIED**

---

[7] *See* https://www.ohsd.uscourts.gov/pro-se-handbook.
[8] If Plaintiff is unable to pay the court costs, such as service, without undue hardship, he may file a completed application and affidavit to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. A sample "Application to proceed Without Prepayment of Fees and Affidavit" and "Summons in a Civil Action – AO 440" are available on the Court's website: https://www.ohsd.uscourts.gov/ohio-southern-district-forms.

as **MOOT** since the undersigned has denied Defendant Carter' Motion to Strike and accepted Plaintiff's Second Amended Complaint.

*Plaintiff's Third and Fourth Amended Complaints (Doc. #s 21 and 22)*

As noted previously, on October 24, 2022, District Judge Rice stayed all proceedings pending the outcome of Defendant Carter's Motion to Dismiss. (*See* Notation Order dated Oct. 24, 2022). Despite this Order, Plaintiff filed a Motion for Leave to File Third Amended Complaint on November 29, 2022. (Doc. #21). With this motion still pending as well as the stay still in effect, Plaintiff filed a Motion for Leave to File Fourth Amended Complaint on February 23, 2023. (Doc. #22). Given that Plaintiff has already exercised his right to amend "once as a matter of course," these subsequent attempts to amend can only be granted through obtaining leave of Court or the opposing party's written consent. *See* Fed. R. Civ. P. 15(a)(2).

In this case, Plaintiff has sought leave to amend his pleading by seeking the Court's permission. (*See* Doc. #s 21 and 22). In such a circumstance, trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." Further, in interpreting Rule 15, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted). Indeed, a court's "outright refusal to grant the leave without any justifying reason ... is not an exercise of discretion," but instead an abuse of it that is "inconsistent with the spirit of the Federal Rules." *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Instead, absent a cogent reason, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Pittman v. Experian Info. Sols., Inc*., 901 F.3d 619, 640–41 (6th Cir. 2018) (*quoting Foman*, 371 U.S. at 182).

As an initial matter, the undersigned notes that, by virtue of requesting leave to file his Fourth Amended Complaint while his motion regarding his Third Amended Complaint was still pending, Plaintiff rendered his Third Amended Complaint moot. Moreover, both proposed amendments were filed in direct contravention of District Judge Rice's October 24, 2022 Order staying all proceedings in this case. (*See* Notation Order dated Oct. 24, 2022). The failure to obey a court order subjects a party to a host of potential sanctions, such as striking a pleading or even dismissal. *See* Fed. R. Civ. P. 16(f)(1)(C) (authorizing a court to issue "any just orders, including those authorized by [the provisions governing discovery sanctions], if a party or its attorney… fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(iii) (identifying "striking pleadings in whole or in part" as an available sanction for failing to obey a discovery order"); Fed. R. Civ. P. 41(b) (permitting involuntary dismissal of an action "if the plaintiff fails to prosecute or to comply with these rules or a court order."). In this case, allowing Plaintiff to amend his pleading during the stay would also serve to prejudice Defendant Carter, who did not have an opportunity to respond to Plaintiff's motions because he was complying with District Judge Rice's Order to stay. For these reasons, the undersigned finds that the most appropriate course of action should be to disallow these amendments.[9]

---

[9] Further support for the undersigned's recommendation to deny Plaintiff's Motion for Leave to File Fourth Amended Complaint is the fact that the primary change incorporated in this proposed pleading is to add the State of Ohio as a defendant. (*See* Doc. #22-2, *PageID* #126). Thus, the proposed amendment, at least in reference to this addition, would be futile as the State of Ohio is immune from suit in this Court based on the Eleventh Amendment to the United States Constitution. *See* U.S. CONST. amend. XI; *In re Ohio Execution Protocol Litig*., 709 F. App'x 779, 782 (6th Cir.

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. #21) be **DENIED AS MOOT** and that Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. #22) be **DENIED WITHOUT PREJUDICE**.

### B. Defendant Carter's Motions to Dismiss (Doc. #s 6 and 15)

Having found that the operative complaint in this matter is Plaintiff's Second Amended Complaint (Doc. #9), the next step is to address how this finding impacts the pending motions to dismiss. Defendant Carter first filed a motion to dismiss that addressed the claims raised in Plaintiff's First Amended Complaint. (Doc. #6). Upon Plaintiff's filing of his Second Amended Complaint, Defendant Carter filed a Motion to Strike Plaintiff's Second Amended Complaint (Doc. #12), which was previously addressed, as well as a second motion to dismiss (Doc. #15).

With regard to the first motion to dismiss (Doc. #6), the Court notes that, "[a]s a general matter, an 'amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot.'" *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020) (quoting *Ky. Press Ass'n, Inc. v. Ky.*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005)) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)). Accordingly, because Defendant Carter's first motion to dismiss (Doc. #6) addressed Plaintiff's First Amended Complaint (Doc. #3), and the operative complaint is now the Second Amended Complaint (Doc. #9), it is **RECOMMENDED** that Defendant Carter's first motion to dismiss (Doc. #6) be **DENIED AS MOOT**.

---

2017) ("[The Eleventh] Amendment prohibits suits naming the state or one of its agencies or departments as the defendant, regardless of the nature of the relief sought.") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984)).

Defendant's second motion to dismiss (Doc. #15), however, addresses the operative complaint. In this motion, Defendant Carter first argues that the Second Amended Complaint should be stricken because Plaintiff did not obtain leave to file the amended pleading, failed to serve the amended pleading on Defendant Carter, and did not include a certificate of service with his filing. (Doc. #15, *PageID* #96). These arguments are found to be without merit for the same reasons addressed above in the denial of Defendant Carter's Motion to Strike Plaintiff's Second Amended Complaint (Doc. #12).

Defendant Carter also argues that Plaintiff's Second Amended Complaint should be dismissed for the same reasons provided in his first motion to dismiss. *Id*. at 97. According to Defendant Carter, Plaintiff "simply removes any reference to a second officer (referred to in the First Amended Complaint as 'several other police, Officer Williams, and Trp. Williams') and replaces it with either 'the Flying J Travel Center Employee' or 'Robert Hagen.'" *Id*. As a result, since "Plaintiff's Second Amended Complaint does not change the nature of the allegations against [him]," Defendant Carter "reasserts and incorporates the arguments from his [first] Motion to Dismiss[.]" *Id*. at 96-97.

The undersigned disagrees with Defendant Carter's interpretation and finds that the changes made in the Second Amended Complaint do have an impact on the claims and defenses relevant to Defendant Carter. For example, in the First Amended Complaint, Plaintiff alleges that a police officer from the City of Vandalia informed Defendant Carter that Plaintiff "was impaired and had been drinking and unlawfully handled his firearm." (Doc. #3, *PageID* #36). Defendant Carter, in turn, uses this same fact in his first motion to dismiss to support his argument that he had probable cause for stopping Plaintiff for a marked lanes violation. (*See* Doc. #6, *PageID* #s 55-56). However, in the Second Amended Complaint, Plaintiff omits the reference to the City of

11

Vandalia police officer and, instead, alleges that it was "[D]efendant Robert Hagen[,] [a] Security Guard employed at the FLYING J. TRAVEL CENTER CASE CO[]" that contacted Defendant Carter regarding his alleged intoxication. (Doc. #9, *PageID* #71). Given that Defendant Carter cited Plaintiff's First Amended Complaint as the factual basis for him receiving the call from the City of Vandalia police officer, it is unclear whether Defendant Carter would maintain that he received the information from another officer or if he would agree with the change made in Plaintiff's Second Amended Complaint, that is, that the information was from Robert Hagen, who is not a law enforcement officer. In short, by substituting Robert Hagen for Trooper Williams as the alleged informant and co-conspirator, Plaintiff's Second Amended Complaint raises questions as to the credibility and reliability of Defendant Carter's probable cause justification.

Similarly, one of the deficiencies pointed out in Defendant Carter's first motion to dismiss was the fact that Plaintiff could not maintain a civil conspiracy claim against Defendant Carter and Trooper Williams under 42 U.S.C. § 1983 because of the "intra-corporate conspiracy doctrine." (Doc. #6, *PageID* #s 60-61). As stated by Defendant Carter, "[t]he intra-corporate conspiracy doctrine applies in § 1983 suits to bar conspiracy claims where two or more employees of the same entity are alleged to have been acting within the scope of their employment when they allegedly conspired together to deprive the plaintiff of his rights." *Id*. at 61 (quoting *Jackson v. City of Cleveland*, 925 F.3d 793, 818 (6th Cir. 2019)). Thus, according to Defendant Carter, this doctrine would bar Plaintiff's civil conspiracy claim because Defendant Carter and Trooper Williams worked for the same government entity. *See id*. at 60-61; *see also Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ*., 926 F.2d 505, 510 (6th Cir. 1991) (holding that if "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy."). Thus, by substituting Defendant Hagen for Trooper Williams in his Second

12

...

y

b

Amended Complaint, Plaintiff cured this deficiency because he alleges that Defendant Hagen was employed at the Flying J. Travel Center Gas Co., which is a different entity than Defendant Carter's employment through the State of Ohio. (*See* Doc. #9, *PageID* #s 71-78). This is yet another illustration of how the Second Amended Complaint did change the nature of the claims and defenses as they relate to Defendant Carter. As such, Defendant Carter cannot simply "reassert[] and incorporate[] the arguments from his [first] Motion to Dismiss" without explaining how they specifically apply to the changes made in the Second Amended Complaint. For these reasons, the undersigned **RECOMMENDS** that Defendant Carter's second motion to dismiss (Doc. #15) be **DENIED WITHOUT PREJUDICE**.

### C. Plaintiff's Requests for Scheduling Order (Doc. #s 11, 14, and 18)

In several of his motions, Plaintiff has requested that the Court set hearings, deadlines for discovery, and a trial date. (Doc. #s 11, 14, and 18). At this juncture, such requests are premature. Currently, all proceedings in this matter are stayed pursuant to District Judge Rice's Order on October 24, 2022. (*See* Notation Order dated Oct. 24, 2022). Accordingly, to the extent that Plaintiff requests the Court to set hearings, discovery deadlines, and a trial date, his motions (Doc. #s 11, 14, and 18) are **DENIED AS PREMATURE**.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. #21) be **DENIED AS MOOT**;

2. Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. #22) be **DENIED WITHOUT PREJUDICE**;

3. Defendant Carter's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #6) be **DENIED AS MOOT**;

4. Defendant Carter's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #15) be **DENIED WITHOUT PREJUDICE**; and

5. The Order to stay all proceedings in this matter be **LIFTED**.

**IT IS THEREFORE ORDERED THAT**:

1. Defendant Carter's Motion to Strike Plaintiff's Second Amended Complaint (Doc. #12) is **DENIED**;

2. Plaintiff's Second Amended Complaint (Doc. #9) is **ACCEPTED** as filed;

3. If this Report and Recommendations is adopted, Defendant Carter's response to Plaintiff's Second Amended Complaint (Doc. #9) is due **within 14 days of any Decision and Entry adopting this Report and Recommendations**;

4. If this Report and Recommendations is adopted, Plaintiff must serve Defendant Hagen with summons and a copy of the Second Amended Complaint **within 45 days of any Decision and Entry adopting this Report and Recommendations;**

5. Plaintiff's motions, "Judicial Notice Motion to Strike Defendants Motion Motion to Set a Hearing Date Motion to Set a Definate Trial Date Request for Discovery Cut Off Date Notice of Interogatories and Depostions /Federal Rule 26-33" (Doc. #s 14 and 18), are **DENIED IN PART AS MOOT** and **DENIED IN PART AS PREMATURE;** and

6. Plaintiff's Motion to Set Hearing, a Definite Trial Date, Request for Discovery Cut Off Date (Doc. #11) is **DENIED AS PREMATURE**.

August 10, 2023

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).