UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

STEVE TYSON,

    Plaintiff,

v.

MUTAWAKKIL CARTER, et al.,

    Defendants.

Case No. 3:22-cv-211

Judge Walter H. Rice
Magistrate Judge Peter B. Silvain, Jr.

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE (DOC. #43) AND OVERRULING OBJECTIONS THERETO OF PLAINTIFF STEVE TYSON (DOC. #44); DEFENDANT MUTAWAKKIL CARTER'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (DOC. #28) IS SUSTAINED IN PART AND OVERRULED IN PART; CLAIM THREE IN THE SECOND AMENDED COMPLAINT (DOC. #9) SHALL PROCEED TO DISCOVERY; CLAIMS ONE, TWO, FOUR, FIVE, AND NINE ARE DISMISSED WITHOUT PREJUDICE TO REFILING WITHIN TWENTY-EIGHT (28) DAYS ; CLAIMS SIX AND TEN ARE DISMISSED WITH PREJUDICE AGAINST CARTER IN HIS OFFICIAL CAPACITY AND DISMISSED WITHOUT PREJUDICE TO RENEWAL AGAINST CARTER IN HIS INDIVIDUAL CAPACITY SHOULD THE STATE OF OHIO COURT OF CLAIMS DETERMINE THAT CARTER IS NOT IMMUNE FROM SUIT

---

Before the Court are Defendant Mutawakkil Carter's Motion to Dismiss the Second Amended Complaint of Plaintiff Steve Tyson (Doc. #28), the Report and Recommendations of Magistrate Judge Peter B. Silvain, Jr., recommending that the Motion be sustained in part and overruled in part (Doc. #43), and Plaintiff's Objections to the Report. (Doc. #44). On September 12, 2022, Plaintiff Steve Tyson filed his Second Amended Complaint in this matter, raising the following claims against Defendant Mutawakkil Carter:

1. Claim One: Unreasonable search and seizure relating to detention at a traffic stop, in violation of the Fourth Amendment;

2. Claim Two: Retaliation, in violation of the First Amendment;

3. Claim Three: Unreasonable search and seizure relating to arrest, in violation of the Fourth Amendment;

4. Claim Four: Failure to implement and abide by policing review procedures, in violation of 34 U.S.C. § 12601;

5. Claim Five: Civil conspiracy, in violation of 42 U.S.C. § 1985;

6. Claim Six: Malicious prosecution;

7. Claim Nine: Civil conspiracy, in violation of unspecified federal constitutional rights; and

8. Claim Ten: Assault via record falsification.

(Doc. #9).

On September 15, 2023, Carter moved to dismiss all eight claims against him. (Doc. #28, PAGEID 184). On July 19, 2024, the Magistrate Judge issued the Report, recommending that the Motion be overruled with respect to Claim Three and sustained as to all other claims. The Magistrate Judge recommended that Claims One, Two, Four, Five, and Nine, the federal statutory and constitutional claims, be dismissed with prejudice. He further recommended that Claims Six and Ten, the state law claims, be dismissed with prejudice to the extent they are raised against Carter in his official capacity and, to the extent they are raised against Carter in his individual capacity, they should be dismissed without prejudice to renewal if the State of Ohio Court of Claims determines that Carter is not entitled to immunity from suit. (Doc. #43, PAGEID 242). Carter did not object to the Report, and the time for doing so has expired. FED.R.CIV.P. 72(b)(3).

2

I.    **Legal Standards**

Carter's Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b)(1), under which the Magistrate Judge "must enter a recommended disposition," and "a party may serve and file specific written objections to the proposed findings and recommendations." FED.R.CIV.P. 72(b)(1-2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3).

Rule 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the opposing party has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the

3

complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by well-pleaded factual allegations . . . [that] plausibly give rise to an entitlement of relief." *Id*. at 679. "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## II. Analysis

In his Objections, Plaintiff's only concrete statements with respect to Carter are that: (1) he will not dismiss his claims against Carter; (2) Carter's arrest of

4

Tyson did not arise from "a traffic stop[;] this was entrapment designed to take my guns and [Commercial Driver License]; and (3) "Carter tried to make me a felon." (Doc. #44, PAGEID 244, ¶¶ 1-2, 6 (emphasis in original)).[1] The first statement is immaterial, as there is no mention anywhere in the Report of Plaintiff voluntarily dismissing any claims. The second and third statements appear to reiterate Plaintiff's contention that, through his arrest of Plaintiff, Carter was attempting to deprive Plaintiff of his liberty and property. However, these statements are bare conclusions of legal liability, rather than explanations of why any factual allegations in the Second Amended Complaint support his claims. The statements do not address the problems identified in the Report: that Plaintiff had failed to allege all the necessary elements of his claims, or that his factual allegations, accepted as true, did not give rise to a plausible claim for relief. (Doc. #43, PAGEID 226-30, 232-42, citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007); *Fieger v. Cox,* 524 F.3d 770, 776 (6th Cir. 2008); *Briscoe v. Jackson*, 285 F. App'x 205, 208 (6th Cir. 2008)).[2]

---

[1] Defendants filed a Response to the Objections, urging the Court to adopt the Report in full (Doc. #45, PAGEID 250-51), and Plaintiff filed a brief Reply that did not address the subject matter of his suit. (Doc. #46). The Court has considered these filings, and they do not alter the undersigned's analysis.

[2] Carter filed his dashcam video as part of the Motion, Plaintiff assented to the submission (Memo. in Opp., Doc. #30, PAGEID 189), and the Report notes instances where Carter's dashcam video contradicts the allegations in the Second Amended Complaint. (Doc. #43, PAGEID 227). Under Ohio law, a dashcam video is a public record, *State ex rel. Cincinnati Enquirer v. Ohio Dep't of Pub. Safety*, 148 Ohio St.3d 433, 2016-Ohio-7987, ¶ 34, and it is well-settled that the Court may consider matters of public record without converting a motion to dismiss to one for summary judgment. *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023) (internal quotation marks and citation omitted). Thus, the Court may properly consider instances where dashcam footage contradicts Plaintiff's allegations in evaluating whether he has stated a claim for relief.

The Court's *de novo* review of the Report leads the undersigned to conclude that the Magistrate Judge aptly and accurately explained why, except for Claim Three, Plaintiff's claims against Carter are either legally insufficient or factually implausible. Plaintiff's Objections do nothing to call the Magistrate Judge's explanations and conclusions into question. Accordingly, they are OVERRULED.

As to all but Claim Three, Plaintiff has not met *Iqbal-Twombly*'s modest bar of plausibility. The Report's discussion of the claims (which this Court incorporates through its adoption of the Report) repeatedly describes how the pleaded claims have missing elements or are factually belied by public record. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Given Plaintiff's *pro se* status and the Court's strong preference for adjudication on the merits, the Court is prepared to give Plaintiff one last chance to set forth plausible claims with respect to Claims One, Two, Four, Five, and Nine. The Court rejects the Report's recommendation that those claims be dismissed with prejudice. Rather, they will be dismissed without prejudice to refiling within twenty-eight (28) days of this entry. However, as to Claims Six and Ten, the Magistrate Judge is correct that, as official capacity claims against Carter, they are barred by the Eleventh Amendment—and, thus, must be dismissed *with* prejudice—and that the Court lacks jurisdiction over them as individual capacity claims. (Doc. # 43, PAGEID 239-240). Consequently, Plaintiff may not file amended Claims Six and Ten in this Court.

6

For the reasons set forth above, the Report (Doc. #43) is REJECTED to the extent it recommends the dismissal of Claims One, Two, Four, Five, and Nine with, rather than without, prejudice. The Report is ADOPTED in all other respects, and Plaintiff's Objections (Doc. #44) are OVERRULED. Pursuant to the Report and the Court's *de novo* review thereof, Claims One, Two, Four, Five, and Nine are DISMISSED WITHOUT PREJUDICE to refiling within twenty-eight (28) days of this entry. Claims Six and Ten are DISMISSED WITH PREJUDICE to the extent that they are asserted against Carter in his official capacity. To the extent Claims Six and Ten are raised against Carter in his individual capacity, they are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction, subject to renewal if the State of Ohio Court of Claims determines that Carter is not immune from suit. Claim Three shall proceed to discovery.

IT IS SO ORDERED.

August 28, 2024

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT